United States District Court
Southern District of Texas
**ENTERED**
May 29, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALEXANDER MOSKOVITS, | § § | CIVIL ACTION NO 4:23-cv-03746 |
| Plaintiff, | § § § | |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| MCGLINCHEY STAFFORD PLLC, *et al*, | § § § | |
| Defendants. | § | |

ORDER ADOPTING
MEMORANDUM AND RECOMMENDATION

Plaintiff Alexander Moskovits, proceeding *pro se*, filed this lawsuit against the law firm of McGlinchey Stafford PLLC and two individual attorneys, Nicholas R. O'Connor and Matt D. Manning. They represented a defendant in a prior unrelated lawsuit brought by Moskovits. Dkt 1. Defendants moved to dismiss. Dkt 9.

Pending is a Memorandum and Recommendation by Magistrate Judge Christina A. Bryan, recommending that this case be dismissed with prejudice because the claims brought by Moskovits are barred by attorney immunity and because Moskovits cannot state a claim for fraud on the court or intrinsic fraud. Dkt 30.

Moskovits filed objections. Dkt 31. He objects to the Background section, arguing that the Magistrate Judge mischaracterized and failed to include certain facts alleged in the complaint. He also objects to the Analysis section, arguing that (i) Defendants aren't entitled to attorney immunity because they were concealing criminal conduct or fraud and because their allegedly defamatory statements were made outside of litigation; (ii) fraud on the

court occurred when the Defendants failed to disclose certain evidence; and (iii) Moskovits did allege facts sufficient to state a claim for defamation.

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC § 636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other portions to which there's no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1430 (5th Cir 1996, *en banc)*; see also FRCP 72(b) advisory committee note (1983).

*As to the Background section,* upon review of the record, the Memorandum and Recommendation sufficiently states and reflects the facts of this case. To the extent that the Magistrate Judge may have omitted any facts, or not characterized them as preferred by Moskovits, those facts are immaterial to the determination that the claims he asserted for fraud on the court, intrinsic fraud, and defamation be dismissed based on attorney immunity and failure to state a claim.

*As to the Analysis section,* the complaint and the record don't plausibly allege that Defendants concealed criminal conduct or fraud so as to preclude attorney immunity, and it's clear that the alleged defamatory statements were made during the course of email exchanges between the parties regarding active litigation. Further, as to fraud on the court, the objections by Moskovits cite no case to establish that neglecting to mention certain evidence to the court constitutes circumstances egregious enough to state a claim. Finally, as to failure to state a claim for defamation, Plaintiff concedes that he failed to allege the essential element of actual damages. Dkt 31 at 10. Regardless, the Magistrate Judge correctly concluded that the allegedly defamatory statements were inactionable statements of opinion.

Upon *de novo* review and determination, it is determined that the objections lack merit for the reasons stated by the Magistrate Judge.

The objections by Plaintiff to the Memorandum and Recommendation of the Magistrate Judge are OVERRULED. Dkt 31.

No clear error otherwise appears upon review and consideration of the Memorandum and Recommendation, the record, and the applicable law.

The Memorandum and Recommendation of the Magistrate Judge is ADOPTED as the Memorandum and Order of this Court. Dkt 30.

The motion to dismiss by Defendants is GRANTED. Dkt 9.

This case is DISMISSED WITHOUT PREJUDICE.

SO ORDERED.

Signed on May 29, 2024, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge

3